# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# GREENVILLE DIVISION

**GEARY T. STRANGE,**                                                           **PLAINTIFF**

**V.**                                                  **NO. 4:05CV82-MPM-EMB**

**MS STATE PENITENTIARY, BARBARA HOLLOWAY,**
**E. L. SPARKMAN, LT. ELLIS and DONALD CABANA,**         **DEFENDANTS**

## REPORT AND RECOMMENDATION

On July 19, 2005, the *pro se* plaintiff, Geary T. Strange, appeared before the undersigned United States Magistrate Judge for a hearing pursuant to *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985), to determine if there exists a justiciable basis for his claim filed pursuant to 42 U.S.C. §1983.

Plaintiff is currently confined at the Mississippi State Penitentiary in Parchman, Mississippi. The Complaint alleges plaintiff informed defendants that he had been threatened by gang members. At the *Spears* hearing, plaintiff testified that at his request he was placed in protective custody for a time but was subsequently moved to another facility. He said he was later transferred back to Parchman, but defendants failed to restore his protective custody status. After making a request to be placed back in protective custody, he was told it was not necessary and that he would not be threatened or intimidated by gang members. Despite this assurance, plaintiff was assaulted by gang members.

The undersigned finds plaintiff's claims against the Mississippi State Penitentiary should be dismissed, as it is not a proper defendant to a § 1983 complaint. Notwithstanding, plaintiff has stated a constitutional claim against the remaining defendants; and his Complaint should be

allowed to proceed.  Therefore, it is recommended that plaintiff's claims against the Mississippi State Penitentiary be dismissed and that his claims against the remaining defendants be allowed to proceed.

The parties are referred to Local Rule 72.2(D) for the applicable procedure in the event any party desires to file objections to the findings and recommendations herein contained.  The parties are warned that any such objections are required to be in writing and must be filed within ten days of this date.  Failure to timely file written objections to the proposed findings, conclusions and recommendations contained in this report will bar an aggrieved party, except upon grounds of plain error, from attacking on appeal unobjected-to proposed factual findings and legal conclusions accepted by the district court.  *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

Respectfully submitted this, the 22nd day of July, 2005.

                                        **/s/ Eugene M. Bogen**
                                        **UNITED STATES MAGISTRATE JUDGE**